Mr. Roy R. Romer State Treasurer State Capitol Denver, Colorado 80203
Dear Mr. Romer:
I am writing in response to a letter dated April 4, 1979 from Dick R. Murphy, director of treasury operations, which requests an opinion concerning practices of the treasury department which have been questioned in the prerelease copy of the state auditor's report on the treasury department for the fiscal year 1978 ("the audit report"). This letter addresses the request for a legal opinion concerning the payment of interest to the industries for the blind. The remaining requests raised in the April 4, 1979 letter are the subject of other correspondence.
QUESTION PRESENTED AND CONCLUSION
The audit report states that in the fiscal year ended June 30, 1978 the state treasurer paid interest in the amount of $5,682.00 to "Industries for the Blind — Howard Trust." The audit report questions whether this payment was lawful. Mr. Murphy's letter asks whether this interest payment was lawful and, if not, whether interest should now be repaid to the state treasury.
 It is my opinion that express statutory authority exists for the payment of interest to the Howard Trust Fund, as is discussed in detail below.
ANALYSIS
A general statutory rule requires that all interest derived from the deposit and investment of state monies, "shall be credited to the general fund unless otherwise expressly provided by law." C.R.S. 1973, 24-36-114. In order for the state treasurer to properly pay interest to the Howard Trust Fund instead of to the general fund, there must be express provision for such payments.
This opinion is based on information concerning interest payments obtained from Kenneth Hutcheson and Helen Curry, both of the department of social services, and John Thach of the treasurer's office. If the facts discussed below are not accurate, my opinion is subject to change.
The interest payments noted in the audit report were made to the Howard Trust Fund. The Howard Trust Fund originated in 1938 as the result of a bequest from Mrs. Ida G. Howard to the Colorado State Workshop for the Blind. Since the inception of the fund it has become the repository for other gifts made to the state for the purpose of aiding blind persons. Most contributions deposited in the Howard Trust Fund are conditioned to the extent that they must be used for rehabilitation of blind persons, but are otherwise unrestricted. Certain gifts have additional restrictions. Responsibility for administering the Howard Trust Fund rests with the state department of social services. Rules and regulations dealing with that fund have been approved by the social services board.
At one time moneys in the Howard Trust Fund were deposited with banks or savings and loan associations. Since 1975, however, fund moneys have been deposited with the state treasurer for investment, and interest earned has been credited to the Howard Trust Fund.
Authority for the state department of social services to accept and use gifts for the blind is established by C.R.S. 1973,26-8-104(1)(c) which provides that that department shall:
 (c) Accept and use gifts made unconditionally, by will or otherwise, for carrying out the purposes of this article. Gifts made under such conditions as in the judgment of the executive director are proper and consistent with the provisions of this article may be accepted and shall be held, invested, reinvested, and used in accordance with the conditions of the gift.
(Emphasis added.) C.R.S. 1973, 26-8-101 charges the state department of social services with:
 Coordinating and strengthening the programs of rehabilitation of disabled and nondisabled persons to the end that they may attain their maximum potential in employment, self-care, and independent living.
The state department of social services is authorized by the above statutes to accept gifts restricted to use for the rehabilitation of the blind, to invest those gifts and to use them in accordance with their conditions. The obvious purpose of these statutes is to obtain maximum benefit from the donation of private moneys for rehabilitation of the disabled.
In enacting a statute, it is presumed that a just and reasonable result is intended. C.R.S. 1973, 2-4-201. The legislative purpose in giving the department of social services the authority to invest gifts would be defeated if the earnings on those investments had to be paid to the general fund rather than to the Howard Trust Fund and ultimately used for rehabilitation of the blind. A just and reasonable application of C.R.S. 1973, 26-8-104(1)(c) requires that interest earned on gifts invested by the state department of social services be paid to the Howard Trust Fund for use in rehabilitation of the blind.
In view of this analysis, it is my opinion that the power in C.R.S. 1973, 26-8-124(1)(c) to invest and reinvest these monies of the Howard Trust Fund operates here as express authorization for the state treasurer to pay interest thereon to the Howard Trust Fund.
SUMMARY
It is therefore my opinion that the state treasurer is authorized by C.R.S. 1973, 26-8-104(1)(c) to pay interest to the Howard Trust Fund representing earnings on the investment of gifts deposited in that fund.
If you have additional questions concerning this matter please don't hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
TREASURER, STATE PUBLIC FUNDS TRUST FUNDS APPROPRIATIONS INTEREST GIFTS
C.R.S. 1973, 24-36-114
C.R.S. 1973, 26-8-104(1)(c) C.R.S. 1973, 26-8-101
TREASURY, DEPT. OF All Other Areas LEGISLATIVE BRANCH Auditor, Office of State SOCIAL SERVICES, DEPT. OF
State treasurer is authorized to pay interest to the Howard Trust Fund.